ACKERMAN v. BOYLE.

1. CONTRACTS—WRITTEN CONTRACT — VALIDITY TO BE DETERMINED FROM FACE OF CONTRACT IN ABSENCE OF ORAL TESTIMONY.

In the absence of any oral testimony as to the intentions and acts of the parties, the validity of a contract to deed property to another in order that he might qualify as surety on a bond and receive the title for that purpose must be determined from the face of the instrument.

2. SAME—PUBLIC POLICY—CONTRACT TO DEED LAND TO ANOTHER SO THAT HE MIGHT QUALIFY AS SURETY NOT UNLAWFUL IN ITSELF.

Said contract is not in itself unlawful, and where no unlawful purpose appears on its face, none will be imputed.

3. SAME.

In a suit for the reconveyance of a lot deeded to grantee in pursuance of a written contract in order that he might qualify as surety on a bond, and which he agreed to reconvey on demand of the grantor, the court below was in error in denying the relief sought on the ground that the contract was illegal and void, where there was no proof of any unlawful purpose, and none appeared on the face of the contract.

Contracts, 13 C. J. §§ 385, 473 (Anno), 947.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted October 7, 1926. (Docket No. 31.) Decided December 8, 1926.

Bill by Abe Ackerman against Mary Boyle and others to obtain a conveyance of certain land. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Herman H. Greenberg* and *Hollis Harshman,* for plaintiff.

*Louis B. Ver Wiebe,* for defendants.

McDONALD, J. This bill was filed to compel the defendants to convey to plaintiff by quitclaim deed the title to a certain lot in the city of Detroit. The defendant Ernest Ver Wiebe is the administrator of the estate of Adelbert Clark, deceased, and the other defendants are heirs.

The controversy arises over the following contract:

"This agreement, made this 24th day of June, A. D. 1922, by and between Abe Ackerman, of the city of Detroit, county of Wayne, and the State of Michigan, party of the first part, and Adelbert Clark, of the same place, party of the second part, witnesseth:

"That on this date the said party of the first part has executed a warranty deed to the said party of the second part for lot two hundred ninety-one (291) Dover Park subdivision, fractional section, town two (2), section eleven (11) part of P. C. two hundred sixty-six (266) lying west of Tireman avenue and east of Livernois street, Detroit.

"It is understood and agreed that the said warranty deed, executed by the said party of the first part, is given solely for the purpose of having the title in the name of the said party of the second part so that he can qualify on surety bonds only.

"It is understood and agreed that any time the said party of the first part desires the title back from the said party of the second part to him, the said party of the second part hereby agrees to transfer back the title

to said property by warranty deed to said party of the first part.

"The stipulations herein contained are to be binding upon the heirs, executors, administrators and assigns of the respective parties hereto.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

(Signed)    "ADELBERT CLARK,    (L. S.)
(Signed)    "ABE ACKERMAN.    (L. S.)

"Witness:
    "ANGELINE SIMON,
    "WILLIAM A. NEWMAN."

So far as the testimony shows, Adelbert Clark died before anything was done by either of the parties under the agreement. Mr. Clark's estate was insufficient to pay his debts and funeral expenses. The deed in question was on record and the heirs used it as security for the payment of the undertaker's charges, amounting to $734.35. The contract was not recorded. The plaintiff demanded a conveyance to him of the lot in question, and tendered a quitclaim deed for that purpose. They refused and this suit was instituted. On the hearing the court held that the contract was illegal and dismissed the plaintiff's bill. From the decree entered, the plaintiff has appealed.

Under the circumstances and in the absence of any oral evidence as to the intentions and acts of the parties, the validity of this contract must be determined from the face of the instrument itself. On its face the contract does not evidence any unlawful purpose. To deed property to another in order that he may qualify as surety on a bond, and to receive the title for that purpose, is not in itself unlawful. There are undoubtedly circumstances that would make such a transaction unlawful, but in this case we are not justified in imputing evil intentions to either of the parties. We cannot say, as defendants insist we

should, that the parties contemplated a fraud upon the court, who might be called upon to pass on the qualifications of Mr. Clark as a surety on a bond. By the terms of the contract, Clark's title for that purpose was absolute. With his deed on record he could justify in good faith to the extent of the value of the property. The situation would be different if, by any reasonable construction of the terms of the contract, we would be warranted in finding that the parties intended to deceive the court. But the contract does not show any such intention. The controlling facts are that the purpose of the contract was lawful and that it could be legally performed. We think the court erred in holding that it was illegal and void.

Our attention has not been called to any decisions of this court bearing directly on this question, but an interesting discussion of applicable principles will be found in *Gregory* v. *Wendell,* 40 Mich. 432, and in 6 R. C. L. p. 694.

The record presents no other meritorious question.

A decree will be entered in this court directing the defendants to convey by quitclaim deed their title to the property in question, subject to a lien of $734.35 in favor of Thomas P. Lahey, the undertaker. The plaintiff will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.